IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROYA FERDOWSNIA,<br><br>          Plaintiff,<br><br>     v.<br><br>STANDARD INSURANCE COMPANY;<br>STEVE POIZNER as COMMISSIONER OF<br>INSURANCE; and DOES 1-20,<br>inclusive,<br><br>          Defendants. | Case No. 11-0720 SC<br><br>ORDER GRANTING PLAINTIFF'S<br><u>MOTION TO REMAND</u> |

**I.   <u>INTRODUCTION</u>**

This matter comes before the Court on the Motion to Remand filed by Plaintiff Roya Ferdowsnia ("Plaintiff").  ECF No. 9 ("Mot.").  Defendant Standard Insurance Company ("Defendant" or "Standard") filed an Opposition, and Plaintiff submitted a Reply. ECF Nos. 19, 20.  For the following reasons, Plaintiff's Motion is GRANTED.

**II.  <u>BACKGROUND</u>**

This action arises out of an individual long-term disability insurance policy Standard issued to Plaintiff (hereinafter, "the Policy").  Plaintiff is a California resident.  ECF No. 1 ("Notice of Removal") ¶ 15.  Standard is an Oregon corporation with its

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   principal place of business in Oregon.   Id. ¶ 23.

2        Plaintiff alleges the following facts.   While Plaintiff was

3   employed as a dental hygienist, she purchased the Policy, which

4   purported to provide monthly benefits if she became unable to

5   perform her regular occupation due to a covered disability.

6   Coleman Decl. ¶ 2 Ex. A ("FAC") ¶¶ 4-6.[1]   Plaintiff became disabled

7   as a result of, inter alia, upper extremity pain and carpal tunnel

8   syndrome while the Policy was in effect.   Id. ¶ 7.   On March 12,

9   2009, after paying benefits for a period of time, Standard denied

10  Plaintiff's claim for continued disability benefits despite the

11  fact that Plaintiff was and remains unable to work as a dental

12  hygienist.   Id. ¶ 8.

13       On March 9, 2010, Plaintiff filed this action in San Francisco

14  County Superior Court.   Mot. at 2.   She asserted claims for breach

15  of contract and bad faith against Standard for the alleged wrongful

16  termination of her disability benefits.   FAC ¶¶ 13-23.   She also

17  asserted a claim for writ of mandamus against the Commissioner of

18  the California Department of Insurance ("Commissioner").   Id. ¶¶

19  24-30.   She alleged that the Policy contained misleading provisions

20  and that the Commissioner abused his discretion by approving the

21  policy in contravention of California Insurance Code Section

22  10291.5.[2]   Id. ¶ 28.   Plaintiff thus sought a writ of mandamus

23  _____

24  [1] Terrence J. Coleman ("Coleman"), attorney for Plaintiff, filed a
    declaration in support of the instant Motion.   ECF No. 10.

25  [2] Section 10291.5 of the California Insurance Code gives the
    Commissioner the power to disapprove certain disability insurance
26  policies.   Specifically, subparagraph (b)(1) provides that "the
    commissioner shall not approve any disability policy for insurance
27  ... if the commissioner finds that it contains any provision ...
    [that] is unintelligible, uncertain, ambiguous, or abstruse, or
28  likely to mislead a person to whom the policy is offered, delivered
    or issued."   Cal. Ins. Code § 10291.5(b)(1).

2

**United States District Court**
For the Northern District of California

1   compelling the Commissioner to withdraw approval of the Policy and

2   associated forms either entirely or to the extent that their

3   provisions violate the California Insurance Code.  Id.

4        On June 7, 2010, Standard filed a special demurrer arguing

5   that joinder of the Commissioner as a defendant was improper

6   because: (1) Plaintiff's claims against Standard were unrelated to

7   her claim against the Commissioner; and (2) Plaintiff's claim

8   against the Commissioner was invalid as a matter of law.  Coleman

9   Decl. ¶ 3 Ex. B ("Standard's Demurrer").  The court overruled the

10  demurrer on July 12, 2010, finding that the claims were

11  sufficiently related.  Id. Ex. C. ("Order Overruling Standard's

12  Demurrer").  In doing so, the court declined to rule on the

13  validity of Plaintiff's claim against the Commissioner, noting, "I

14  don't think I can or should resolve the validity of the mandate

15  cause of action in the absence of the party against whom that is

16  directed and that party, for whatever reason, has chosen to answer

17  the complaint." Id. Ex. D ("July 12, 2010 Hearing Tr.") at 2:15-

18  18.

19       On January 19, 2011, the Commissioner moved to dismiss

20  Plaintiff's mandamus claim, and Standard joined the Commissioner's

21  motion.  Ellinikos Decl. Ex. E ("Commissioner's MTD"), Ex. F

22  ("Standard's Joinder in Commissioner's MTD").[3]  At a February 15,

23  2011 hearing, the Court issued a tentative ruling granting the

24  Commissioner's motion.  Id. Ex. H ("Feb. 15, 2011 Hearing Tr.") at

25  13:23-25.  The court instructed counsel for the Commissioner to

26  prepare a proposed order consistent with the court's tentative

27  _____

28  [3] Maria Ellinikos ("Ellinikos"), attorney for Standard, filed a
declaration in support of the Opposition.  ECF No. 19-2.

**United States District Court**
For the Northern District of California

1  ruling.  Id. at 13:27-14:1.  A few hours after the hearing, before

2  the proposed order had been submitted to the court for entry,

3  Standard removed the action to federal court on diversity grounds

4  pursuant to 28 U.S.C. §§ 1332(a) and 1441(b).  Coleman Decl. ¶ 4;

5  see also Notice of Removal.  Plaintiff now moves to remand the case

6  back to state court.

7

8  **III.  LEGAL STANDARD**

9      Any civil action brought in a state court may be removed to

10  federal court if there is complete diversity of citizenship and the

11  amount in controversy exceeds $75,000.  28 U.S.C. §§ 1332, 1441.

12  As a general rule, the court must strictly construe the removal

13  statute, "and any doubt about the right of removal requires

14  resolution in favor of remand."  Moore-Thomas v. Alaska Airlines,

15  Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citation omitted).  "The

16  presumption against removal means that the defendant always has the

17  burden of establishing that removal is proper."  Id. (internal

18  quotations omitted).

19      Under the "voluntary-involuntary rule" as articulated by the

20  Ninth Circuit, "a suit which, at the time of filing, could not have

21  been brought in federal court 'must remain in state court unless a

22  voluntary act of the plaintiff brings about a change that renders

23  the case removable.'"  California v. Keating, 986 F.2d 346, 348

24  (9th Cir. 1993) (quoting Self v. Gen. Motors Corp., 588 F.2d 655,

25  657 (9th Cir. 1978)).  The voluntary-involuntary rule "does not

26  allow creation of diversity removal jurisdiction by court order

27  dismissing the non-diverse defendant."  Gould v. Mut. Life Ins. Co.

28  of New York, 790 F.2d 769, 773 (9th Cir. 1986) (citing Self, 588

**United States District Court**
For the Northern District of California

1    F.2d at 660).

2        An exception to the voluntary-involuntary rule exists if the

3    non-diverse defendant was fraudulently joined in order to defeat

4    removal.  See Self, 588 F.2d at 659 ("[I]n the absence of a

5    fraudulent purpose to defeat removal, the plaintiff may by the

6    allegations of his complaint determine the status with respect to

7    removability of a case . . . ."); Cava v. Netversant-National,

8    Inc., No. 07-02597, 2007 WL 4326754, at *3 (N.D. Cal. Dec. 7, 2007)

9    ("Notwithstanding the 'voluntary-involuntary' rule, removal of a

10   civil action that alleges claims against a non-diverse defendant is

11   proper where it appears that such defendant has been fraudulently

12   joined.").

13

14   **IV.   DISCUSSION**

15       Plaintiff argues in pertinent part that Standard's removal

16   violated the voluntary-involuntary rule.[4]  Mot. at 5.  Standard

17   contends that removal was proper because the Commissioner was

18   fraudulently joined as a sham defendant to defeat federal diversity

19   jurisdiction.  Opp'n at 9.  The Court agrees with Plaintiff and

20   finds that removal of this action to federal court was improper.

21       Joinder of a resident defendant is fraudulent "if the

22   plaintiff fails to state a cause of action against [the] resident

23   defendant, and the failure is obvious according to the settled

24   _____

25   [4] Plaintiff also argues that Standard's removal was premature
     because the state court had not yet entered a formal, written order
26   dismissing Plaintiff's claim against the Commissioner at the time
     Standard filed its Notice of Removal.  Mot. at 7.  Thus, according
27   to Plaintiff, the Commissioner remains a party to the action.  The
     Court does not reach this argument because it finds that removal
28   was improper even if Plaintiff's claim against the Commissioner has
     been properly dismissed.

rules of the state." <u>Morris v. Princess Cruises, Inc.</u>, 236 F.3d 1061, 1067 (9th Cir. 2001).  A removing defendant bears a heavy burden to establish fraudulent joinder "by clear and convincing evidence." <u>Hamilton Materials, Inc. v. Dow Chemical Corp.</u>, 494 F.3d 1203, 1206 (9th Cir. 2007).  The court must resolve "all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party." <u>Plute v. Roadway Package Sys., Inc.</u>, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) (internal quotations omitted).

Standard argues that this case falls within the fraudulent joinder exception to the voluntary-involuntary rule.  Opp'n at 9. It contends that the settled law of California precludes a court from issuing a writ of mandamus to compel the Commissioner to revoke approval of an insurance policy. <u>Id.</u> at 4.  Standard acknowledges that numerous federal courts in this district have held otherwise. <u>See</u>, <u>e.g.</u>, <u>Contreras v. Metro. Life Ins. Co.</u>, No. C-07-02597, 2007 U.S. Dist. LEXIS 90295, at *21 (N.D. Cal. Nov. 29, 2007); <u>Sullivan v. Unum Life Ins. Co. of Am.</u>, No. C-04-00326, 2004 WL 828561, at *3 (N.D. Cal. Apr. 15, 2004); <u>Branzina v. Paul Revere Life Ins. Co.</u>, 271 F. Supp. 2d 1163, 1172 (N.D. Cal. 2003). Standard argues that each of these district court decisions relied on the same two inapposite cases -- <u>Peterson v. Am. Life & Health Ins. Co.</u>, 48 F.3d 404, 410 (9th Cir. 1995) and <u>Van Ness v. Blue Cross of Cal.</u>, 87 Cal. App. 4th 364, 371-72 (Ct. App. 2001) -- and thus reached the same erroneous conclusion.  Opp'n at 5.  Both <u>Peterson</u> and <u>Van Ness</u> stated in dicta that an insured may petition for a writ of mandamus requiring the Commissioner to revoke approval of a policy if the insured believes the Commissioner

**United States District Court**
For the Northern District of California

abused his discretion in approving the policy under section

10291.5.

In support of its position that the settled law of California bars Plaintiff's mandamus claim, Standard relies on <u>Schwartz v. Poizner</u>, 187 Cal. App. 4th 592 (Ct. App. 2010), and cites four state trial court orders sustaining demurrers by the Commissioner to similar claims.[5]

Standard's reliance on <u>Schwartz</u> is misplaced.  Fraudulent joinder is determined as of the time the complaint was filed.  <u>Beck v. Starbuck's Corp.</u>, No. C-08-2930, 2008 WL 4298575, at *2 (N.D. Cal. Sept. 19, 2008) (remanding case despite fact that after plaintiff filed his complaint the California Supreme Court issued a decision precluding liability against the non-diverse defendant).  <u>Schwartz</u> was decided nearly five months after Plaintiff filed her FAC.  Thus, even if <u>Schwartz</u> would preclude mandamus claims such as Plaintiff's -- which Plaintiff vigorously disputes -- it has no bearing on whether Plaintiff fraudulently joined the Commissioner in the instant action.

The trial court orders provided by Standard in which the Commissioner's demurrers to similar mandamus claims were sustained also fail to establish that there was a settled rule barring Plaintiff's mandamus claim when the FAC was filed.  In her reply

---

[5] Standard asks the Court to take judicial notice of court orders sustaining demurrers by the Commissioner in the following cases: <u>Harris v. Bank of Am., N.A.</u>, No. CGC-07-469393 (San Francisco Sup. Ct. 2008); <u>Grotz v. Unum Group</u>, No. CGC-09-485552 (San Francisco Sup. Ct. 2009); <u>Martinez v. Standard Ins. Co.</u>, CGC-10-501948 (San Francisco Sup. Ct. 2010); <u>Graybill-Bundgard v. Standard Ins. Co.</u>, CGC-10-504747 (San Francisco Sup. Ct. 2011).  <u>See</u> ECF No. 19-1. Pursuant to Federal Rule of Evidence 201, the Court GRANTS Standard's Request.

brief, Plaintiff provides three trial court orders denying the Commissioner's demurrers to identical claims.[6]  It therefore appears to the Court that state courts are divided on the issue. At a minimum, it is far from "obvious according to the settled rules of the state" that Plaintiff's claim was invalid when filed. See Morris, 236 F.3d at 1067.

In light of the above, and the rule that ambiguities in the law must be resolved in favor of the non-removing party, the Court concludes that the Commissioner was not fraudulently joined and therefore GRANTS Plaintiff's Motion to Remand.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

---

[6] Plaintiff asks the Court to take judicial notice of court orders denying demurrers by the Commissioner in the following cases: Guyton v. Unum Life Ins. Co., No. CGC-02-415586 (San Francisco Sup. Ct. 2002); Glick v. Unumprovident Life Ins. Co., No. CGC-03-422858 (San Francisco Sup. Ct. 2003); Contreras v. Metro. Life Ins. Co., CGC-07-462224 (San Francisco Sup. Ct. 2007).  See ECF No. 21.  The Court GRANTS Plaintiff's Request.

United States District Court
For the Northern District of California

**V.   CONCLUSION**

For the reasons stated above, Plaintiff Roya Ferdowsnia's motion to remand this case to the Superior Court of California, County of San Francisco, is GRANTED.

IT IS SO ORDERED.

Dated: May 10, 2011                    

                                       UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California